UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CYNTHIA ELIZABETH BARNES,

      Plaintiff,

v.                                Case No.:  2:18-cv-312-FtM-38PDB

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

**OPINION AND ORDER**[1]

Before the Court is United States Magistrate Judge Patricia D. Barksdale's Report and Recommendation ("R&R"), recommending that the Court affirm the Commissioner of Social Security's to deny Plaintiff Cynthia Elizabeth Barnes disability insurance benefits. (Doc. 27). Barnes objects to the R&R (Doc. 28), and the Commissioner filed a response (Doc. 29). The R&R is thus ripe for review.

**BACKGROUND**

The Court adopts the factual background detailed in the R&R. (Doc. 27 at 3-14). The procedural background is as follows. On July 11, 2014, Barnes applied for disability insurance benefits from June 1, 2005 (her alleged onset date), through March 31, 2008

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

(her date last insured). (Doc. 1; Doc. 13). After a hearing, Administrative Law Judge ("ALJ") J. Dennis Reap found that Barnes was not disabled during the relevant period and denied her application. (Doc. 15-2 at 8-23). The Appeals Council denied Barnes' request for review, making the ALJ's decision the Commissioner's final decision. (Doc. 15-2 at 2). Barnes then filed this appeal. (Doc. 1).

## LEGAL STANDARDS

### A. Review of the Magistrate Judge's Review and Recommendation

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When a party makes specific objections to a magistrate judge's report, the district court engages in a *de novo* review of the issues raise. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

### B. Review of the ALJ's Decision

A court's review of the Commissioner's decision is limited to evaluating whether substantial evidence supports the decision and whether the ALJ applied the proper legal standards. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). This review is *de novo*. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). "[The Court] may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240

n.8 (11th Cir. 2004)). The ALJ's decision must be affirmed if it is supported by substantial evidence, even if the Court finds the evidence more likely supports a different conclusion. See *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

## DISCUSSION

Barnes raises three objections to the R&R, offering no more than a reiteration of the arguments she made in her Memorandum (Doc. 22). In her first two arguments, Barnes challenges the evidentiary support of the ALJ's findings that Barnes' mental and physical impairments were not severe. In her third argument, Barnes accuses the ALJ of violating her due process rights by relying on an opinion absent from the record. Barnes repeats the same arguments in her objections to the R&R. (Doc. 28).

After an independent review of the complete record and applicable case law, the Court finds the R&R to be well reasoned, thorough, and legally sound. And because Barnes' objections are mere restatements of the arguments Judge Barksdale considered and rejected, the Court will address them only briefly here.

Barnes summarizes her first objection: "In failing to find Plaintiff's mental impairments severe and in giving no weight to Dr. Alsamman's and Dr. Nandigam's retrospective opinions, the ALJ issued a decision unsupported by substantial evidence." (Doc. 28 at 6). An ALJ can disregard a physician's opinion, so long as the ALJ articulates good cause to do so. *Winschel*, 631 F.3d at 1180. Here, the ALJ did state good cause to disregard the opinions of Drs. Alsamman and Nandigman: "they did not see or treat her" during the relevant period, "they offered no meaningful explanation of how the medical history at or near the date last insured supported their assessments," and "[t]heir assessments are inconsistent with the medical evidence in the record in the nearly two

years before the date last insured and the year thereafter." (Doc. 15-2 at 21). Both the ALJ and Judge Barksdale found that without retrospective opinions of Dr. Alsamman and Dr. Nandigman, evidence of severe mental impairments during the relevant period "is scant." (Doc. 27 at 16). The Court agrees.

Barnes challenges the ALJ's physical-impairment findings on two primary fronts. First, Barnes argues the ALJ erred by giving great weight to the conclusions of Dr. Rowley but rejecting her opinion on the severity of Barnes' osteoarthritis and allied disorders without explaining why. (Doc. 28 at 6). But as Judge Barksdale points out, the ALJ identified Dr. Rowley as a psychological consultant, not a medical doctor, so the ALJ was free to accept her psychological opinions but not her medical opinions. (Doc. 27 at 24). Second, Barnes argues that the ALJ's failure to make a determination about an impairment of fibromyalgia violated SSR 12-2. (Doc. 28 at 7). But Barnes' fibromyalgia diagnoses all came after her last-insured date, so SSR 12-2 did not require the ALJ to address them. (*See* Doc. 27 at 25).

Finally, Barnes argues the ALJ violated her due process rights by giving great weight to the opinion of Dr. Meade, despite its absence from the record. (Doc. 28 at 7-8). While the record does not include a detailed explanation of Dr. Meade's opinion, it does include a summary, which concluded, "we were unable to obtain sufficient evidence to show that your condition was disabling as of 03/31/2008, the date you last met Social Security insured status requirements." (Doc. 15-3 at 12). Barnes argues she was prejudiced because she could not "confront and test the evidence against her." (Doc. 28 at 8). But given that Dr. Meade's opinion was based on a lack of evidence, Barnes could have countered it by producing evidence sufficient to show a disability, which she was

unable to do. Barnes does not explain how the inclusion of Dr. Meade's detailed explanation could have helped her.

What is more, with regard to Dr. Meade's opinion, the ALJ cited only to documents that are in the record. (*See* Doc. 15-2 at 24). So it does not appear that he considered any evidence that Barnes did not have notice of and access to. And when the ALJ asked Barnes' counsel if he had any objections to the hearing evidence, which included the summary but not the detailed explanation, he answered, "No, sir." (Doc. 15-2 at 50). The Court agrees with Judge Barksdale's finding that the absence of Dr. Meade's detailed opinion did not prejudice Barnes.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Cynthia Elizabeth Barnes' Objections to the United States Magistrate Judge's Report and Recommendations (Doc. 28) are **OVERRULED**.

(2) United States Magistrate Judge Patricia D. Barksdale's Report & Recommendation (Doc. 27) is **ACCEPTED and ADOPTED**.

(3) The Commissioner of Social Security's decision is **AFFIRMED**.

(4) The Clerk of the Court is **DIRECTED** to enter judgment under sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner of Social Security and to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of August, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record